IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN DUKES,

     Plaintiff,                  No. CIV S-10-1726 KJM \P

     vs.

WARDEN HEDGEPETH,

     Defendant.               ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.[1]  The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).

/////

---

[1] Plaintiff has filed the action on the form for a petition for a writ of habeas corpus, but his claims appear to involve the conditions of his confinement rather than the legality of that confinement.

1

1         In this case, the defendants are located and the claims arose in Monterey County,
2 which is in the Northern District of California. Therefore, plaintiff's claim should have been
3 filed in the United States District Court for the Northern District of California. In the interest of
4 justice, a federal court may transfer a complaint filed in the wrong district to the correct district.
5 <u>See</u> 28 U.S.C. § 1406(a); <u>Starnes v. McGuire</u>, 512 F.2d 918, 932 (D.C. Cir. 1974).

6         Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the
7 United States District Court for the Northern District of California.

8 DATED: July 22, 2010.

                                                      U.S. MAGISTRATE JUDGE

2
duke1726.21a.